UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLYSTINA O ROGERS, on behalf of a minor Child J.R.,

                       Plaintiff,

-against-

ACS/CHILD PROTECTIVE SERVICES OF THE CITY OF NEW YORK GOOD SHEPHERD SERVICES; KALMEESA STEVENSON; SHAKIRA EDMONDS, foster care parent; SHIRLEY, Foster Care parent of Good Shepherd Services; APRIL CAMPBELL, case worker employee for New Alternatives for Children; NEW ALTERNATIVES FOR CHILDREN; PADILLA MILAGRASA, child protective worker; ALICIA FARLEY, Supervisor/employee for New Alternatives for Children; STEPHANIE, foster parent,

                       Defendants.

**ORDER**

23 Civ. 3612 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

       Pro se Plaintiff Phillystina Rogers brings Section 1983 claims against Defendants referenced in the Complaint as ACS/Child Protective Services of the City of New York Good Shepherd Services, Kalmeesa Stevenson, Shakira Edmonds, Shirley, April Campbell, New Alternatives for Children, Padilla Milagrasa, Alicia Farley, and Stephanie.[1] Plaintiff alleges that Defendants violated her rights and the rights of two of her children.[2] (Am. Cmplt. (Dkt. No. 4))

---

[1] The Amended Complaint provides different spellings for some Defendants' names. (See Am. Cmplt. (Dkt. No. 4) at 4-6)

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions referencing a minor child may use only the child's initials. Because Plaintiff's submissions reveal the full names of her minor children, this Court has limited access to Plaintiff's submissions on the court's Electronic Case Files system to a "case participant-only" basis. In any future submissions, Plaintiff will refer to her children only by their initials.

On May 1, 2023, Chief Judge Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (Dkt. No. 3) On June 9, 2023, the case was assigned to this Court.

## STANDARD OF REVIEW

A court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the case. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them "'to raise the strongest [claims] that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). But the "'special solicitude'" in pro se cases, id. at 475 (quoting Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994)), has its limits. To state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A. Claims Against the Administration for Children's Services

Plaintiff's claims against the Administration for Children's Services ("ACS") must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for

the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also Emerson v. City of New York, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's pro se status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace ACS with the City of New York. See Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

B. **Claims by Minors as Plaintiffs**

Plaintiff purports to bring this action on behalf of her two minor children. As a non-attorney, Plaintiff cannot represent her children; a minor child can proceed as a plaintiff only if he or she is represented by counsel. Any claims Plaintiff is asserting on behalf of her children are dismissed without prejudice because, as a pro se party, she cannot represent them. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). The Court dismisses the claims of the minor children without prejudice to Plaintiff reasserting those claim with the assistance of counsel.

C. **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] Walker v. Schult, 717 F.3d.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and

119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the following Defendants: (1) the City of New York; (2) child protective worker Padilla Milagrasa; (3) New Alternatives for Children ("NAC"); (4) NAC supervisor and employee Alicia Farley; (5) NAC caseworker April Campbell; and (6) Kalmeesa Stevenson.[4] The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Plaintiff should consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in

---

ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

[4] Because it is not clear which of these Defendants could provide full names and service addresses for the foster parents, the Court will issue an order to obtain that information, under Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997), at a later stage.

civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any pro se party through the Pro Se Intake Unit.

## CONCLUSION

The Court dismisses Plaintiff's claims against ACS. See 28 U.S.C. § 1915(e)(2)(B)(iii). Any claims asserted on behalf of the two minor children are dismissed without prejudice. The Clerk of Court is directed to add the City of New York as a Defendant, pursuant to Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to: (1) issue summonses for the City of New York; child protective worker Padilla Milagrasa; the NAC; NAC supervisor and employee Alicia Farley; NAC caseworker April Campbell; and Kalmeesa Stevenson; (2) complete the USM-285 forms with the addresses for these Defendants, (3) deliver all documents necessary to effect service to the U.S. Marshals Service; and (4) mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444 (1962) (holding that appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: New York, New York
June 26, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge